Fitsgerald **JOHANES,** Petitioner,

v.

Eric H. **HOLDER,** Jr., Attorney General, Respondent.

No. 11–72990.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2013.*

Filed Sept. 30, 2013.

Kathleen Siok–Sien Koh, Esquire, Law Office of Kathleen S. Koh, Whittier, CA, for Petitioner.

OIL, Genevieve Holm, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Fitsgerald Johanes, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir.2010). We review de novo claims of due process violations. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

The BIA did not abuse its discretion in denying Johanes's untimely motion to reopen where the motion was filed almost six years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Johanes failed to establish changed circumstances in Indonesia material to his claim, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004) (requiring circumstances to have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of persecution). We reject Johanes's contention that the BIA's decision is insufficient and denies him due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on a due process claim). Further, in light of our prior decision, we reject Johanes's contention that he should be given a chance to reopen his case based on changes in the case law surrounding Christian Indonesians. *See Johanes v. Holder*, No. 05–73687, 2010 WL 2232482 (9th Cir. June 3, 2010).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.